IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 1:14-cv-00755-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID G. CANNON, | ) | |
| MARGARET A. CANNON, and | ) | |
| SOUTH CAROLINA DEP'T OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on the United States' motion for a temporary restraining order. Upon consideration of the motion, memorandum of law in support thereof, the complaint, and the applicable law, the Court finds that the United States has demonstrated that a temporary injunction is necessary and appropriate in this case. In accordance with the requirements of Fed. R. Civ. P. 65(d), the reasons for granting the requested relief and the specific terms of the injunction are set forth below.

The United States has brought suit to reduce to judgment the joint federal income tax liabilities of David and Margaret Cannon for the 2005 and 2006 tax years and to foreclose federal tax liens on Margaret Cannon's stock of the Bay Island Hermitage, S.A. Upon filing its complaint, the United States immediately moved for a temporary restraining order against the Cannons to prevent the Cannons from encumbering, liquidating, transferring or otherwise disposing of Margaret Cannons' stock of the Bay Island Hermitage or any of the real property owned by the Bay Island Hermitage, including, but not limited to, the real property located at 59 Lighthouse Estates, Roatán, Bay Islands, Honduras (the "Lighthouse Estates" property).

A temporary restraining order is a drastic remedy intended to preserve the status quo until the Court can hold a hearing on motion for a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 (4th Cir. 1999). To justify a temporary restraining order, the movant must demonstrate that it will suffer immediate and irreparable injury if the opponent is notified of the action and certify why notice of the motion should not be required. Fed. R. Civ. P. 65(b)(1). In determining whether the requirements of Rule 65(b)(1) are met, courts apply same test that is applied in determining whether a preliminary injunction is appropriate. Thus, a court will only grant a temporary restraining order if the movant demonstrates (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm if the requested relief is not granted; (3) that the balance the equities tips in his favor; and (4) that the requested relief is in the public interest. Winter v. Nat. Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Upon review of all the filings in this matter, the Court finds that the United States has met its burden. First, the United States is likely to succeed on the merits of this matter because there is little, if any, doubt that the Cannons have outstanding federal income tax liabilities for the 2005 and 2006 tax years. In addition, the United States has demonstrated that it is entitled to foreclose its federal tax liens on Margaret Cannon's stock of the Bay Island Hermitage in order to collect the Cannons' liabilities.

Second, through the Declaration of Richard Freeman, the United States has demonstrated that it is likely to suffer immediate and irreparable harm if a temporary restraining order is not entered. As shown in the Freeman Declaration, Margaret Cannon's stock is the only asset that can be used to satisfy the Cannons' unpaid tax liabilities. The Bay Island Hermitage owns the Lighthouse Estates property, which is currently for sale for over $1.3 million. Although the

2

proceeds from this sale are likely to satisfy the Cannons' tax liabilities, the Cannons have informed the IRS that they will not use the sales proceeds to pay their unpaid taxes. If this relief is not granted, the risk of the Cannons selling the Lighthouse Estates property – perhaps even at a significantly reduced price – and dissipating the proceeds will substantially increase. In addition, because the property against which the United States seeks to enforce its lien is corporate stock, the tax lien is not valid against any subsequent purchaser unless he or she has actual knowledge of the tax lien. 26 U.S.C. § 6323(b). Thus, if the Lighthouse Estates property is sold or the Cannons encumber, liquidate, transfer, or otherwise dispose of Mrs. Cannon's stock of the Bay Island Hermitage, the United States will lose its ability to enforce its tax lien to collect the Cannons' liability and suffer immediate and irreparable damage.

Third, the balance of the equities tips in favor of the United States because the requested relief only preserves the status quo. The temporary restraining order will not harm the Cannons in any way and will ensure that the United States does not suffer the immediate and irreparable injury that is likely to result if this relief is not granted.

Fourth, the public interest is served by the requested relief. It is a paramount interest of the public to preserve the United States' ability to collect valid tax debts. The requested temporary restraining order serves this interest by enforcing the tax laws and preventing the Cannons from defeating the collection of their valid tax debts for the 2005 and 2006 tax years.

Finally, based on the record before the Court, the Court finds that notice of the requested relief is not required. Counsel for the United States certified that notice of this action should not be required because the Cannons likely would encumber, liquidate, transfer, or otherwise dispose of Margaret Cannon's stock of the Bay Island Hermitage and/or the Lighthouse Estates property. The United States' fear that the Cannons may encumber, liquidate, transfer, or otherwise dispose

of Margaret Cannon's stock of the Bay Island Hermitage and the Lighthouse Estates property is well-founded as the Cannons have informed the IRS of their intent to dissipate any sales proceeds from the Lighthouse Estates property.

Accordingly, it is

**ORDERED** that the United States' Motion for Temporary Restraining Order is **GRANTED**; it is further

**ORDERED** that defendants David G. Cannon and Margaret A. Cannon and their agents, officers, servants, employees, attorneys, nominees, and all persons in active concert with them are hereby enjoined and restrained from:

(1) encumbering, liquidating, transferring, or otherwise disposing of Margaret A. Cannon's corporate stock of the Bay Island Hermitage, S.A.; or

(2) encumbering, liquidating, transferring, or otherwise disposing of any of the real property owned by the Bay Island Hermitage, S.A., including, but not limited to, the real property located at 59 Lighthouse Estates, Roatán, Bay Islands, Honduras.

It is further **ORDERED** that this Temporary Restraining Order will remain in effect for a period of 14 days after entry, unless within that time this order is extended for good cause shown or unless the Cannons consent that this order may be extended for a longer period; it is further

**ORDERED** that the United States must serve a copy of this order and all pleadings in this action upon the Cannons no later than **Friday March 14, 2014**, and file a certificate of service with the Court; and it is further

**ORDERED** that hearing on whether the Court should enter a preliminary injunction will be held at the United States Courthouse in Columbia South Carolina, on **Friday March 21, 2014 at 10:00 AM**.

**DONE AND ORDERED** on March 11, 2014.

s/J. Michelle Childs
J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

5