**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:14-cv-00755-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID G. CANNON, ) | |
| MARGARET A. CANNON, and ) | |
| SOUTH CAROLINA DEP'T OF REVENUE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PRELIMINARY INJUNCTION**

The United States filed this action to reduce to judgment the joint federal income tax liabilities of David and Margaret Cannon (collectively the "Cannons") for the 2005 and 2006 tax years and to foreclose federal tax liens on Margaret Cannon's stock of the Bay Island Hermitage. (ECF No. 1.)

This matter is before the court pursuant to a motion by the United States for preliminary injunction against the Cannons to prevent them from encumbering, liquidating, transferring or otherwise disposing of Margaret Cannons' stock of the Bay Island Hermitage, S.A., or any of the real property owned by the Bay Island Hermitage, including, but not limited to, the real property located at 59 Lighthouse Estates, Roatán, Bay Islands, Honduras (the "Lighthouse Estates" property). (ECF No. 7.) Upon consideration of the applicable law, the evidence presented at the hearing on the pending motion, and the entire record herein, the court finds that the United States has demonstrated that a preliminary injunction is necessary and appropriate in this case. Therefore, in accordance with the requirements of Fed. R. Civ. P. 65(d), the court **GRANTS** the

United States' motion for preliminary injunction. The reasons for granting the requested relief and the specific terms of the injunction are set forth below.

Upon filing its complaint, the United States immediately moved for a temporary restraining order against the Cannons to prevent them from encumbering, liquidating, transferring or otherwise disposing of Margaret Cannons' stock of the Bay Island Hermitage or any of the real property owned by the Bay Island Hermitage, including, but not limited to, the Lighthouse Estates property. (ECF No. 8.) The court granted the United States' motion for a temporary restraining order on March 11, 2014, and set a hearing on the motion for preliminary injunction for March 21, 2014. (ECF No. 9.) Due to a scheduling conflict for government counsel, the court rescheduled the hearing on the motion for preliminary injunction for April 1, 2014, and extended the temporary restraining order. (ECF Nos. 11, 15.) On April 1, 2014, the Court held a hearing on the United States' motion for preliminary injunction. (ECF No. 28.)

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court "may issue a preliminary injunction only on notice to the adverse party." A preliminary injunction is a drastic remedy that will only be issued upon a showing by the plaintiff (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm if the requested relief is not granted; (3) that the balance of the equities tips in his favor; and (4) that the requested relief is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 599 U.S. 1089 (2010). The primary purpose of a preliminary injunction is "to maintain the status quo pending an adjudication on the merits of the case." Bucksport Water Sys., Inc., v. Weaver Eng'g, Inc., Case No. 4:13-cv-2503-RBH, 2013 WL 5603941, at *3 (D.S.C. Oct. 11, 2013).

Upon review of all the filings in this matter, the court finds that the United States has met its burden. First, the United States is likely to succeed on the merits of this matter because there is little, if any, doubt that the Cannons have outstanding federal income tax liabilities for the 2005 and 2006 tax years. Through the submission of Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) for the years at issue, the United States has established a prima facie case that it has valid assessments against the Cannons for the 2005 and 2006 tax years. (See ECF Nos. 8-2 at 9-13, 15-19.) As a result, the burden is on the Cannons to show that the assessments at issue are arbitrary or incorrect. The Cannons have not produced any evidence to meet this burden.

The United States has also demonstrated that it is entitled to foreclose its federal tax liens on Margaret Cannon's stock of the Bay Island Hermitage in order to collect the Cannons' liabilities. Federal tax liens arose upon assessment of the Cannons' liabilities and attached to all their property and rights to property, including Margaret Cannons' stock of the Bay Island Hermitage. Pursuant to 26 U.S.C. § 7403(a), the United States may foreclose those federal tax liens to collect the Cannons' joint federal income tax liabilities.

Second, through the Declaration of Richard Freeman, the United States has demonstrated that it is likely to suffer immediate and irreparable harm if a temporary restraining order is not entered. (See ECF No. 8-2 at 1-7.) Revenue Officer Freeman has testified that Margaret Cannon's stock is the only asset that can be used to satisfy the Cannons' unpaid tax liabilities. (Id. at 8-2 at 6 ¶ 25.) The Bay Island Hermitage owns the Lighthouse Estates property, which is currently for sale for over $1.3 million. (Id. at 5 ¶ 21, 6 ¶ 23.) Although the proceeds from this sale are likely to satisfy the Cannons' tax liabilities, the Cannons have informed the IRS that they will not use the sales proceeds to pay their unpaid taxes. (Id. at 6 ¶ 24.) If this relief is not

3

granted, the risk of the Cannons selling the Lighthouse Estates property – perhaps even at a significantly reduced price – and dissipating the proceeds will substantially increase. In addition, because the property against which the United States seeks to enforce its lien is corporate stock, the tax lien is not valid against any subsequent purchaser unless he or she has actual knowledge of the tax lien. See 26 U.S.C. § 6323(b). Thus, if the Lighthouse Estates property is sold or the Cannons encumber, liquidate, transfer, or otherwise dispose of Mrs. Cannon's stock of the Bay Island Hermitage, the United States will lose its ability to enforce its tax lien to collect the Cannons' liability and suffer immediate and irreparable damage.

Third, the balance of the equities tips in favor of the United States because the requested relief only preserves the status quo until this matter is adjudicated on the merits. The preliminary injunction will not harm the Cannons in any way and will ensure that the United States does not suffer the immediate and irreparable injury that is likely to result if this preliminary injunction is not granted.

Fourth, the public interest is served by the requested preliminary injunction. It is a paramount interest of the public to preserve the United States' ability to collect valid tax debts. The requested preliminary injunction serves this interest by enforcing the tax laws and preventing the Cannons from defeating the collection of their valid tax debts for the 2005 and 2006 tax years.

Finally, because this preliminary injunction is being entered at the request of the United States, bond is not required. See Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED** that the United States' Motion for Preliminary Injunction is **GRANTED**; it is further **ORDERED** that Defendants David G. Cannon and Margaret A.

Cannon and their agents, officers, servants, employees, attorneys, nominees, and all persons in active concert with them are hereby **ENJOINED** from:

(1) encumbering, liquidating, transferring, or otherwise disposing of Margaret A. Cannon's corporate stock of the Bay Island Hermitage, S.A.; or

(2) encumbering, liquidating, transferring, or otherwise disposing of any of the real property owned by the Bay Island Hermitage, S.A., including, but not limited to, the real property located at 59 Lighthouse Estates, Roatán, Bay Islands, Honduras.

It is further **ORDERED** that this preliminary injunction will remain in effect until the Court issues a final decision on the merits of this case, or by further order of this Court.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 1, 2014
Columbia, South Carolina

5